IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**DANIEL B. BRAGG,**

      **Petitioner,**

v.

**CHARLES BRADLEY, WARDEN,**
**PICKAWAY CORRECTIONAL INST.,**

      **Respondent.**

**CASE NO. 2:18-CV-00762**
**JUDGE ALGENON L. MARBLEY**
**MAGISTRATE JUDGE MICHAEL R. MERZ**

## OPINION AND ORDER

On October 29, 2018, the Magistrate Judge issued a Report and Recommendation pursuant to Rule 4 of the Rules Governing Section Cases in the United States District Courts recommending that the Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed. (ECF No. 3.) Petitioner has filed an Objection to the Magistrate Judge's Report and Recommendation. (ECF No. 6.) Pursuant to 28 U.S.C. § 636(b), this Court has conducted a de novo review. For the reasons that follow, Petitioner's Objection (ECF No. 6) is **OVERRULED**. The Report and Recommendation (ECF No. 3) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED**.

The Court **DECLINES** to issue a certificate of appealability.

Petitioner challenges his October 20, 2016, conviction after a jury trial in the Licking County Court of Common Pleas on one count of rape of a minor under the age of thirteen. He asserts that he was denied the effective assistance of counsel, because his attorney failed to object to hearsay testimony and leading questions, and failed to object to certain testimony from Kelly Morrison (claims one, two, and three); and that he was denied a fair trial based upon the

cumulative error (claim four). The Magistrate Judge recommended dismissal of these claims on the merits.

Petitioner objects to the recommendations of the Magistrate Judge. Petitioner argues that, had his attorney objected to the use of leading questions by the prosecutor, the admission of hearsay testimony by Joseph Blue, and testimony by Kelly Morrison that exceeded the scope of her expertise, he would have been found not guilty of the charge against him, particularly where the jury acquitted him of four of the charges against him. Petitioner argues that the appellate court's determination that his attorney chose not to object to the prosecutor's use of leading questions, as a matter of trial strategy, is unreasonable, and without record support. He argues that the record shows that he was denied a fair trial based on the denial of the effective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984).

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), this Court reviews deferentially state court decisions on the merits of federal constitutional claims. "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods v. Donald*, -- U.S. --, --, 135 S.Ct. 1372, 1376 (2015) (citing *Harrington v. Richter*, 562 U.S. 86, 103 (2011)).

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong. . . . This is especially true for claims of ineffective assistance of counsel, where AEDPA review must be " ' "doubly deferential" ' " in order to afford "both the state court and the defense attorney the benefit of the doubt." *Burt v. Titlow*, 571 U.S. ——, ——, 134 S.Ct. 10, 13, 187 L.Ed.2d 348 (2013) (quoting *Cullen v. Pinholster*, 563 U.S. 170, ——, 131 S.Ct. 1388, 1403, 179 L.Ed.2d 557 (2011)).

*Id*.

This standard is difficult to meet, and Petitioner has failed to do so here. The appellate court determined that Petitioner could not establish prejudice from any of counsel's alleged deficiencies. In order to establish prejudice, a petitioner must demonstrate a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Strickland*, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Thus, in view of the record, this was not an unreasonable conclusion. The record does not reflect a basis for relief.

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases for the United States District Courts, the Court now considers whether to issue a certificate of appealability. See 28 U.S.C. § 2255(d). When a claim has been denied on the merits, a certificate of appealability may issue only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a substantial showing of the denial of a constitutional right, a petitioner must show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4 (1983)).

When a claim has been denied on procedural grounds, a certificate of appealability may issue if the petitioner establishes that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right, and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Id*.

This Court is not persuaded that reasonable jurists would debate this Court's dismissal of this action. Therefore, the Court **DECLINES** to issue a certificate of appealability.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that the appeal would not be in good faith and that an application to proceed in forma pauperis on appeal should be **DENIED**.

**IT IS SO ORDERED**.

    s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

DATED: June 3, 2019